```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                    EASTERN DIVISION
                   No. 4:15-CR-39-1H
                   No. 4:17-CV-129-H
```

|                              |   |        |
|------------------------------|---|--------|
| MICHAEL EARL JORDAN,         | ) |        |
|    Petitioner,| ) |        |
| v.                           | ) | **ORDER** |
| UNITED STATES OF AMERICA,    | ) |        |
|    Respondent.| ) |        |

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. [DE #48]. The government responded by filing a motion to dismiss, [DE #54], to which petitioner filed a response. [DE #59]. Petitioner also filed a motion to expand the record to include a declaration regarding his motion to vacate, [DE #50], and a motion for status conference and permission to allow movant to appear telephonically. [DE #60]. Petitioner's motion to expand record to include declaration, [DE #50], is GRANTED, and petitioner's declaration, [DE #50-1], has been considered herein. The time for further filing has expired, and this matter is ripe for adjudication.

On September 14, 2015, petitioner pled guilty pursuant to a written memorandum of plea agreement, to distribution of a quantity of cocaine within one thousand feet of a school, in violation of

21 U.S.C. §§ 860(a) and 841(b)(1)(C) (Count Seven). [DE #32]. On December 8, 2015, the court sentenced petitioner to a total term of imprisonment of 36 months. Id. Judgment was entered on December 17, 2015. Petitioner filed a notice of appeal, which appeal was dismissed by unpublished opinion of the Fourth Circuit on October 20, 2016. [DE #43].

On September 15, 2017, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, [DE #48], arguing two claims of ineffective assistance of counsel.

First, petitioner alleges his guilty plea was not knowingly, intelligently, and voluntarily entered because defense counsel advised him to plead guilty; assured him that the prosecutor would agree to recommend a sentence based on a guideline range with a base offense level of 6 from the drug table; promised petitioner if he pled guilty he would "do about a year"; and that when petitioner asked counsel about his criminal history, counsel advised petitioner that counsel understood petitioner would score in criminal history category V or VI, and that was factored into the one year sentence. Petitioner also alleges that counsel advised him that "the outcome of a plea in this case would be very favorable – in general terms – because the Assistant United States Attorney prosecuting the case . . . was a good friend and colleague." [DE #49 at 8 n. 6 and DE #50-1 ¶¶3].

Petitioner further alleges one of counsel's colleagues brought the formal plea agreement to the jail, and petitioner refused to sign because it did not include the sentencing recommendation or base offense level of 6. Petitioner alleges counsel informed him that to receive sentencing benefits he had to accept the plea as written and that counsel assured him that the prosecutor would support a sentence based on a base offense level of 6 at sentencing. Finally, petitioner alleges counsel warned petitioner "that if [he] did not accept the plea offer promptly, the government would file an 851 notice which would increase [his] sentence dramatically." [DE #50-1 ¶8].

Petitioner alleges this one-year estimate grossly under-represented his advisory guideline range of imprisonment based on the facts known to counsel and constituted deficient performance. Petitioner further alleges that had he been accurately advised of his true advisory guideline range of imprisonment, "including the fact that it could be increased based on relevant conduct drug quantity extrapolations exceeding the 4.9 grams of powder cocaine involved in the offense, [he] would not have accepted the plea offer," but instead would have proceeded to trial. [DE #50-1 ¶7].

As to his second claim, petitioner alleges that counsel rendered ineffective assistance in failing to adequately prepare and investigate in preparation for sentencing, specifically in failing to object to "erroneous scoring" of a 1999 conviction for

3

North Carolina Possession with Intent to Sell and Deliver Cocaine, Maintaining a Dwelling for Purposes of a Controlled Substance in the presentence investigative report ("PSR"), [PSR ¶15], [DE #49 at 2-3, 14-18].

Finally, petitioner alleges defense counsel failed to review the PSR with him, sending a colleague instead and not listening to petitioner when he informed counsel that the criminal history category was wrong, and counsel advised him that "we shouldn't bring that matter up as it would provoke the prosecutor to deviate from the agreement to use base offense level 6 from the drug table." [DE #50-1 ¶¶9-10]. Further, petitioner alleges that he does not believe he was interviewed by a probation officer in preparation for sentencing. [DE #50-1 ¶9].

To develop the factual record on these claims, the court hereby orders an evidentiary hearing. See U.S. v. Blondeau, 480 F. App'x 241, *242 (4th Cir. 2012) (unpublished) (citing United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000) ("An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue.").

Finally, in light of the referral of this matter to a United States Magistrate Judge for an evidentiary hearing, petitioner's

4

motion for status conference and for permission to allow movant to appear telephonically, [DE #60], is DENIED as moot.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8 of the Rules Governing § 2255 Proceedings, these claims are referred to United States Magistrate Judge Kimberly A. Swank to conduct an evidentiary hearing and to submit a Memorandum and Recommendation ("M&R") to the undersigned concerning petitioner's claims.

The Federal Public Defender is directed to assign counsel to represent petitioner at the hearing. After counsel has been assigned, he or she shall file a notice of appearance. Magistrate Judge Swank shall then schedule and hold an evidentiary hearing, respecting the need of counsel for both parties to have adequate time for investigation and preparation. The clerk is directed to serve a copy of this order on the Office of the Federal Public Defender.

This 11th day of April 2019.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35